| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Chef Solutions Holdings, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**20-1195382** | Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State):<br><br>700 E. Maple Road, 4th Floor<br>Birmingham, MI                    48009 | Street Address of Joint Debtor (No. & Street, City, State): |
| County of Residence or of the Principal Place of Business:<br>**Oakland County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check **one** box)

☐ Individual (includes Joint Debtors)
    *See Exhibit D on page 2 of this form.*
☒ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the
    above entities, check this box and
    state type of entity below)
_____

**Nature of Business**
(Check **one** box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in
    11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization
    under Title 26 of the United States
    Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which**
**the Petition is Filed** (Check **one** box)

☐ Chapter 7          ☐ Chapter 15 Petition for
☐ Chapter 9              Recognition of a Foreign
☒ Chapter 11             Main Proceeding
☐ Chapter 12         ☐ Chapter 15 Petition for
☐ Chapter 13             Recognition of a Foreign
                         Nonmain Proceeding

**Nature of Debts**
(Check **one** box.)

☐ Debts are primarily consumer          ☒ Debts are primarily
    debts, defined in 11 U.S.C.              business debts.
    § 101(8) as "incurred by an
    individual primarily for a
    personal, family, or household
    purpose."

**Filing Fee** (Check **one** box)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only).
    Must attach signed application for the court's consideration certifying
    that the debtor is unable to pay fee except in installments. Rule 1006(b).
    See Official Form No. 3A

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).
    Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured
    creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
    there will be no funds available for distribution to unsecured creditors.

**Chapter 11 Debtors**

**Check one box:**
☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D)

☒ Debtor is not a small business debtor as defined in 11 U.S.C.
    § 101(51D).

**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding
    debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to
    adjustment on 4.01./13 and every three years thereafter*).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Check all applicable boxes:**
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one
    or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Estimated Number of Creditors**[1]

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☒<br>200-999 | ☐<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001-<br>100,000 | ☐<br>Over-<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

THIS SPACE IS FOR COURT USE ONLY

**Estimated Assets**

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>Million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☒<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☒<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

[1] The statistical information set forth herein is based on the consolidated financial information of the Debtor and its affiliates.

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>**Chef Solutions Holdings, LLC** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>See Exhibit 1 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐    Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)         Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification.  (11 U.S.C. § 362(1))

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Chef Solutions Holdings, LLC** |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
   Telephone Number (if not represented by attorney)

_____
   Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
   (Printed Name of Foreign Representative)

_____
   Date

### Signature of Attorney*

X  */s/ John H. Knight*_____
   Signature of Attorney for Debtor(s)
   John H. Knight, Esq. (No. 3848)
   Printed Name of Attorney for Debtor(s)
   Richards, Layton & Finger, P.A.
   Firm Name
   One Rodney Square, 920 N. King Street
   Address
   Wilmington, Delaware 19801
   (302) 651-7700
   Telephone Number
   October 4, 2011
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  */s/ Susan Sarb*_____
   Signature of Authorized Individual
   Susan Sarb
   Printed Name of Authorized Individual
   Chief Financial Officer
   Title of Authorized Individual
   October 4, 2011
   Date

**Exhibit 1**

**Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates
Each Concurrently Filed in the United States Bankruptcy Court
for the District of Delaware**

On the date of this petition, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

1. Chef Solutions Holdings, LLC

2. CS Distribution Holdings, LLC

3. CS Distributors, Inc. of Ohio

4. CS Prepared Foods Holdings, LLC

5. Chef Solutions Inc.

6. Orval Kent Holdings, Inc.

7. Orval Kent Intermediate Holdings, Inc.

8. Orval Kent Parent, LLC

9. Orval Kent Food Company, LLC

10. Orval Kent Food Company of Linares, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Chef Solutions Holdings, LLC,** | ) | **Case No. 11-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **Employer Tax I.D. 20-1195382** | ) | |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## 20 LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

The debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors"), each filed a voluntary petition in this Court on October 4, 2011 (the "Petition Date") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. The following is a list of the Debtors' twenty largest unsecured creditors on a consolidated basis (the "Top 20 List") based on the Debtors' books and records as of the Petition Date. The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtors. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| KBS Woodfield Preserve LLC | KBS Woodfield Preserve LLC<br>c/o Beth A. Feldman<br>150 N. Martigale Rd., Suite 825<br>Schaumburg, IL 60173<br>Tel: (847) 517-1554<br>Fax: (847) 706-4959<br>Beth.feldman@cbre.com | Lease Obligations | Disputed | $2,390,750.00 |
| TTS LLC | TTS LLC<br>c/o Mike Powell<br>225 Dallas Parkway, Suite 300<br>Frisco, TX 75034<br>Tel: (214) 778-0857<br>Fax: (406) 839-2298 | Freight Debt | | $1,435,029.00 |
| OTT Food Products LLC | OTT Food Products LLC<br>705 West Fairview<br>Carthage, MO 64836<br>Tel: (417) 358-2585<br>Fax: (417) 358-2585<br>ryanb@ottfoods.com | Trade Debt | | $1,426,378.00 |
| Berry Plastics | Berry Plastics<br>c/o Paul Martensen<br>2199 Momentun Place<br>Chicago, IL 60689-5321<br>Tel: (812) 424-2904<br>Fax: (812) 492-9559<br>paulmartensen@berryplastics.com | Trade Debt | | $1,414,682.00 |
| H C Schmieding Produce Co., Inc. | H C Schmieding Produce Co., Inc.<br>c/o Gary Owens<br>PO Box 369<br>Springdale, AR 72765<br>Tel: (479) 751-44517<br>Fax: (479) 872-9874<br>gary@schmieding.com | Trade Debt | | $1,301,085.00 |
| Lakeview Farms Inc. | Lakeview Farms Inc.<br>PO Box 713135<br>Cincinnati, OH 45271-3135<br>Tel: (800) 755-9925<br>Fax: (419) 695-2019 | Trade Debt | | $1,159,203.00 |
| Camerican International, Inc. | Camerica International, Inc.<br>4300 Solutions Center<br>Chicago, IL 60677-4003<br>Tel: (201) 587-0101<br>Fax: (708) 531-1340 | Trade Debt | | $849,162.00 |
| Steve Silk | Locke Lord Bissell & Liddell LLP<br>Attn: Steven H. Adelman<br>111 South Wacker Drive, Suite 3300<br>Chicago, IL 60603<br>Tel: (312) 443-0405<br>Fax: (312) 896-6405 | Employee Severance Obligation Litigation Claim | Disputed | $625,000.00 |
| Kimball's Produce LLC | Kimball's Produce LLC<br>6424 South 82nd East Avenue #712<br>Tulsa, OK 74133<br>Tel: (918) 633-3335<br>Fax: (918) 806-1201<br>Kimballs-oklahoma@att.net | Trade Debt | | $561,788.00 |

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Darifair Foods Inc. | Darifair Foods Inc. c/o Bill Block 4131 Sunbeam Road Jacksonville, FL 32257 Tel: (904) 268-8999 Fax: (904) 268-3232 bblock@darifair.com | Trade Debt | | $532,849.00 |
| GET Logistics, LLC | Moulton Bellingham PC Attn: Doug James Crown Plaza, Suite 1900 PO Box 2559 Billings, MT 59103 Tel: (406) 248-7731 | Litigation Claim | Disputed | $530,000.00 |
| Wixon Fontarome Inc. | Wixon Fontarome Inc. c/o Peter Caputa PO Box 88533 Milwaukee, WI 53288-0533 Tel: (414) 978-6153 Fax: (414) 769-3020 | Trade Debt | | $410,710.00 |
| Spherion of Lima | Spherion of Lima c/o Steve Leary 216 N. Elizabeth St. Lima, OH 45801 Tel: (419) 224-8367 Fax: (419) 224-2528 stevel@spherion-schulte.com | Temporary Staffing Services Claim | | $406,602.00 |
| Dakota Growers Pasta Company | Dakota Growers Pasta Company 1 Pasta Ave. Carrington, ND 58421 Tel: (701) 652-2855 Fax: (800) 954-2435 curt@dakotagrowers.com | Trade Debt | | $376,591.00 |
| Kirkland & Ellis LLP | Kirkland & Ellis LLP c/o Matthew J. Richards 300 North LaSalle Chicago, IL 60654 Tel: (312) 862-2000 Fax: (312) 862-2200 Matthew.richards@kirkland.com | Professional Services Claim | | $337,291.00 |
| Weber Marking Systems Inc. | Weber Marking Systems Inc. c/o Bryan Walters P.O. Box 5988 Carol Stream, IL 60197-5988 Tel: (800) 843-4242 Fax: (847) 364-8575 bwalters@webermarking.com | Trade Debt | | $263,933.00 |
| P&A Graphics Inc. | P&A Graphics Inc. c/o Paul Preston 6316 Story Street New Orleans, LA 70118 Tel: (800) 580-5004 Fax: (972) 632-2110 paul@thepackageiseverything.com | Trade Debt | | $254,473.00 |

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Armstrong Transport Group INV | Armstrong Transport Group INV<br>c/o Chris Cobb<br>86 Wilkinson Ct.<br>Concord, NC 28025<br>Tel: (877) 240-1181<br>Fax: (877) 762-2547 | Trade Debt | | $254,096.00 |
| Interpack & Partitions | Interpack & Partitions<br>c/o Ed Sutton<br>1102 Industrial Park Road<br>Berryville, AR 72616<br>Tel: (870) 423-3382<br>Fax: (870) 423-2510<br>ed@interpackinc.com | Trade Debt | | $250,894.00 |
| Department of Justice | Department of Justice<br>Office of Regional Counsel<br>Attn: Howard Bunch<br>901 North 5th Street<br>Kansas City, KS 66101<br>Tel: (800) 223-0425 | Consent Decree Resolving Litigation | | $240,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | |
| **Chef Solutions Holdings, LLC,** | ) | **Case No. 11-_____ (_____)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **Employer Tax I.D. 20-1195382** | ) | |
| | ) | |

**DECLARATION CONCERNING THE CONSOLIDATED LIST OF CREDITORS**
**HOLDING 20 LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS**

   I, Susan Sarb, Chief Financial Officer of Chef Solutions Holdings, LLC, declare under penalty of perjury that I have reviewed the foregoing Consolidated List of Creditors Holding 20 Largest Unsecured Claims Against the Debtors and that the information contained therein is true and correct to the best of my information and belief.

Dated: October 4, 2011
    Wilmington, Delaware

            /s/ Susan Sarb_____
            Name: Susan Sarb
            Title: Chief Financial Officer

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| **Chef Solutions Holdings, LLC,** | ) | Case No. 11-_____ (_____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Employer Tax I.D. 20-1195382 | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS

| Holder | Name and Address of Holder(s) | Description of Equity Interest Held |
|---|---|---|
| Questor Partners Fund II, L.P. | Questor Partners Fund II, L.P.<br>c/o Questor Management Company, LLC<br>700 E. Maple Rd., 4th Floor<br>Birmingham, MI 48009 | Member holding approximately 83.38% of issued Series B Common Units |
| Questor Side-by-Side Partners II, L.P. | Questor Side-by-Side Partners II, L.P.<br>c/o Questor Management Company, LLC<br>700 E. Maple Rd, 4th Floor<br>Birmingham, MI 48009 | Member holding approximately 4.02% of issued Series B Common Units |
| Questor Side-by-Side Partners II 3(c)(1), L.P. | Questor Side-by-Side Partners II 3(c)(1), L.P.<br>c/o Questor Management Company, LLC<br>700 E. Maple Rd, 4th Floor<br>Birmingham, MI 48009 | Member holding approximately 1.52% of issued Series B Common Units |
| Mistral Equity Partners, LP | Mistral Equity Partners, LP<br>c/o Mistral Equity Partners<br>650 Fifth Avenue, 31st Floor<br>New York, NY 10019 | Member holding approximately 69.72% of issued Series A Preferred Units |
| Mistral Equity Partners QP, LP | Mistral Equity Partners QP, LP<br>c/o Mistral Equity Partners<br>650 Fifth Avenue, 31st Floor<br>New York, NY 10019 | Member holding approximately 25.12% of issued Series A Preferred Units |
| MEP Co-Invest, LLC | MEP Co-Invest, LLC<br>c/o Mistral Equity Partners<br>650 Fifth Avenue, 31st Floor<br>New York, NY 10019 | Member holding approximately 5.16% of issued Series A Preferred Units |

| | | |
|---|---|---|
| Ray Feldmeier | Ray Feldmeier<br>120 W. Palatine Road<br>Wheeling, IL 60090 | Member holding approximately 0.36% of issued Series B Common Units and approximately 2.78% of issued Series E Common Units |
| Tomas Maruri | Tomas Maruri<br>139 Country Squire Lane<br>Bardstown, KY 40004 | Member holding approximately 0.30% of issued Series B Common Units |
| John Barry | John Barry<br>2600 Pathview Court<br>Raleigh, NC 27613 | Member holding approximately 0.16% of issued Series B Common Units |
| Troy O'Neill | Troy O'Neill<br>120 W. Palatine Road<br>Wheeling, IL 60090 | Member holding approximately 0.18% of issued Series B Common Units and approximately 2.48% of issued Series C Common Units |
| Sylvia Oriatti | Sylvia Oriatti<br>1944 Beverly Lane<br>Buffalo Grove, IL 60089 | Member holding approximately 0.12% of issued Series B Common Units and approximately 0.99% of issued Series C Common Units |
| Robert Horowitz | Robert Horowitz<br>6190 Paseo Valencia<br>Rancho Santa Fe, CA 92067 | Member holding approximately 0.09% of issued Series B Common Units |
| Joseph White | Joseph White<br>165 N. Canal, Apt. 1422<br>Chicago, IL 60606 | Member holding approximately 0.12% of issued Series B Common Units and approximately 0.99% of issued Series C Common Units |
| Judy Karner | Judy Karner<br>321 Appley Avenue<br>Libertyville, IL 60048 | Member holding approximately 3.73% of issued Series C Common Units |
| Janie Minkin | Janie Minkin<br>8926 Lincolnwood Drive<br>Evanston, IL 60203 | Member holding approximately 3.73% of issued Series C Common Units |
| Michael Casula | Michael Casula<br>113 Chesterfield Drive<br>Oswego, IL 60543 | Member holding approximately 3.73% of issued Series C Common Units |

| | | |
|---|---|---|
| Mark Kretzinger | Mark Kretzinger<br>120 W. Palatine Road<br>Wheeling, IL 60090 | Member holding approximately 3.23% of issued Series C Common Units |
| Jorge Villalobos | Jorge Villalobos<br>120 W. Palatine Road<br>Wheeling, IL 60090 | Member holding approximately 2.48% of issued Series C Common Units |
| Ron Butler | Ron Butler<br>1911 Coast Blvd.<br>Del Mar | Member holding approximately 78.63% of issued Series C Common Units |
| Kent Kring | Kent Kring<br>120 W. Palatine Road<br>Wheeling, IL 60090 | Member holding approximately 59.40% of issued Series D Common Units and approximately 36.81% of issued Series E Common Units |
| Susan Sarb | Susan Sarb<br>120 W. Palatine Road<br>Wheeling, IL 60090 | Member holding approximately 29.18% of issued Series D Common Units and approximately 21.88% of issued Series E Common Units |
| Brian Carroll | Brian Carroll<br>654 Waterbury Drive<br>Aurora, IL 60504 | Member holding approximately 11.42% of issued Series D Common Units and approximately 4.16% of issued Series E Common Units |
| American Specialty Cars Holdings, LLC | American Specialty Cars Holdings, LLC<br>c/o Robi Mitra<br>700 East Maple Road, 4th Floor<br>Birmingham, MI 48009 | Member holding 100% of issued Series B Preferred Units and approximately 4.87% of issued Series B Common Units |
| Ron Butler- Fish House Foods, Inc. | Ron Butler<br>Fish House Foods<br>1911 Coast Blvd.<br>Del Mar, CA 92014 | Member holding approximately 4.87% of issued Series B Common Units |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **Chef Solutions Holdings, LLC,** | ) | **Case No. 11-_____ (_____)** |
|  | ) |  |
| **Debtor.** | ) |  |
|  | ) |  |
| **Employer Tax I.D. 20-1195382** | ) |  |
|  | ) |  |

**DECLARATION CONCERNING DEBTOR'S**
**LIST OF EQUITY SECURITY HOLDERS**

I, Susan Sarb, Chief Financial Officer of Chef Solutions Holdings, LLC, declare under penalty of perjury that I have reviewed the foregoing List of Equity Security Holders and that the information contained therein is true and correct to the best of my information and belief.

Dated:  October 4, 2011
       Wilmington, Delaware

                                     */s/* Susan Sarb_____
                                     Name: Susan Sarb
                                     Title: Chief Financial Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **Chef Solutions Holdings, LLC,** | ) | **Case No. 11-_____ (_____)** |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| **Employer Tax I.D. 20-1195382** | ) |  |
|  | ) |  |

**CONSOLIDATED STATEMENT PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1)**

For its Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors"), respectfully represent that the following entities directly or indirectly own 10% or more of any class of the Debtors' equity interests.

| Holder | Debtor in Which Interest is Held | Description of Equity Interest Held |
|---|---|---|
| Questor Partners Fund II, L.P. | Chef Solutions Holdings, LLC | 83.38% of issued Series B Common Units |
| Mistral Equity Partners, LP | Chef Solutions Holdings, LLC | 69.72% of issued Series A Preferred Units |
| Mistral Equity Partners QP, LP | Chef Solutions Holdings, LLC | 25.12% of issued Series A Preferred Units |
| American Specialty Cars Holdings, LLC | Chef Solutions Holdings, LLC | 100% of issued Series B Preferred Units |
| Chef Solutions Holdings, LLC | CS Distribution Holdings, LLC | 100% equity interest |
| CS Distribution Holdings, LLC | CS Distributors, Inc. of Ohio | 100% equity interest |
| Chef Solutions Holdings, LLC | CS Prepared Foods Holdings, LLC | 100% equity interest |
| CS Prepared Foods Holdings, LLC | Chef Solutions Inc. | 100% equity interest |
| Chef Solutions Inc. | Orval Kent Holdings, Inc. | 100% equity interest |
| Orval Kent Holdings, Inc. | Orval Kent Intermediate Holdings, Inc. | 100% equity interest |
| Orval Kent Holdings, Inc. | Orval Kent Parent, LLC | 50% equity interest |
| Orval Kent Intermediate Holdings, Inc. | Orval Kent Parent, LLC | 50% equity interest |
| Orval Kent Parent, LLC | Orval Kent Food Company, LLC | 100% equity interest |
| Orval Kent Food Company, LLC | Orval Kent Food Company of Linares, LLC | 100% equity interest |

Dated:  October 4, 2011
      Wilmington, Delaware

                          */s/* Susan Sarb
                          Name: Susan Sarb
                          Title: Chief Financial Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | )    **Chapter 11** |
| | ) |
| **Chef Solutions Holdings, LLC,** | )    **Case No. 11-_____ (_____)** |
| | ) |
| Debtor. | ) |
| | ) |
| **Employer Tax I.D. 20-1195382** | ) |
| | ) |

## LIST OF CREDITORS

      The above-captioned debtor and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a petition in this Court on October 4, 2011 for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of the petitions, the Debtors filed a single consolidated list of creditors (the "Consolidated Creditor List"), in lieu of separate lists. Due to its voluminous nature, the Consolidated Creditor List is being submitted to the Court electronically along with this petition.

[information provided in electronic format]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **Chef Solutions Holdings, LLC,** | ) | **Case No. 11-_____ (_____)** |
|  | ) |  |
| **Debtor.** | ) |  |
|  | ) |  |
| **Employer Tax I.D. 20-1195382** | ) |  |
|  | ) |  |

## DECLARATION REGARDING CREDITOR LIST

I, Susan Sarb, Chief Financial Officer of Chef Solutions Holdings, LLC, declare under penalty of perjury that I have reviewed the Consolidated Creditor List submitted herewith and that it is true and correct to the best of my information and belief.


Dated:  October 4, 2011
       Wilmington, Delaware

                                      */s/* Susan Sarb_____
                                        Name: Susan Sarb
                                        Title: Chief Financial Officer

# ACTION BY WRITTEN CONSENT OF
# THE BOARD OF MANAGERS OF EACH OF
# CHEF SOLUTIONS HOLDINGS, LLC, CS DISTRIBUTION HOLDINGS, LLC
# AND CS PREPARED FOODS HOLDINGS, LLC;
# THE SOLE MEMBER OF EACH OF ORVAL KENT FOOD COMPANY, LLC AND
# ORVAL KENT FOOD COMPANY OF LINARES, LLC;
# THE MANAGER OF ORVAL KENT PARENT, LLC; AND
# THE BOARD OF DIRECTORS OF EACH OF
# CHEF SOLUTIONS INC., ORVAL KENT HOLDINGS, INC., ORVAL KENT
# INTERMEDIATE HOLDINGS, INC., AND CS DISTRIBUTORS, INC. OF OHIO

Pursuant to Section 18-404(d) of the Limited Liability Company Act of the State of Delaware,
Section 141(f) of the General Corporation Law of the State of Delaware, and
Section 1701.54 of the General Corporation Law of the State of Ohio

The undersigned, being all of the Voting Directors and the Independent Director of the board of managers of Chef Solutions Holdings, LLC, a Delaware limited liability company ("Chef Solutions Holdings") currently serving; all of the members of the board of managers of each of CS Distribution Holdings, LLC, a Delaware limited liability company ("CS Distribution Holdings") and CS Prepared Foods Holdings, LLC, a Delaware limited liability company ("CS Prepared Foods Holdings"); the sole member of each of Orval Kent Food Company, LLC, a Delaware limited liability company ("Orval Kent Food") and Orval Kent Food Company of Linares, LLC, a Delaware limited liability company ("Orval Kent Food of Linares"); the manager of Orval Kent Parent, LLC, a Delaware limited liability company ("Orval Kent Parent"); and all of the members of the board of directors of each of Chef Solutions Inc., a Delaware corporation ("Chef Solutions"), Orval Kent Holdings Inc., a Delaware corporation ("Orval Kent Holdings"), Orval Kent Intermediate Holdings, Inc., a Delaware corporation ("Orval Kent Intermediate"), and CS Distributors, Inc. of Ohio, an Ohio corporation ("CS Distributors" and, collectively with Chef Solutions Holdings, CS Distribution Holdings, CS Prepared Foods Holdings, Orval Kent Food, Orval Kent Food of Linares, Orval Kent Parent, Chef Solutions, Orval Kent Holdings, and Orval Kent Intermediate, the "Companies"), hereby consent to and adopt the following resolutions:

WHEREAS, each of CS Distributors, CS Distribution Holdings, CS Prepared Foods Holdings, Orval Kent Food, Orval Kent Food of Linares, Orval Kent Parent, Chef Solutions, Orval Kent Holdings, and Orval Kent Intermediate is a direct or indirect wholly-owned and controlled subsidiary of Chef Solutions Holdings;

WHEREAS, the all of the Voting Directors and the Independent Director of the board of managers of Chef Solutions Holdings (the "Chef Solutions Holdings Board"), the members of the board of managers of each of CS Distribution Holdings and CS Prepared Food Holdings (together, the "Boards of Managers"), the sole member of each of Orval Kent Food and Orval Kent Food of Linares (together, the "Sole Members"), the manager of Orval Kent Parent, (the "Orval Kent Parent Manager"), and the board of directors of each of Chef Solutions, Orval Kent Holdings, Orval Kent Intermediate and CS Distributors (together, the "Boards of Directors" and, collectively with the Chef Solutions Holdings Board, the Boards of Managers, the Sole Members, and the Orval Kent Parent Manager, the "Governing Bodies") have reviewed and

considered the materials presented by the Companies' management teams and the financial and legal advisors to the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the Companies' businesses and operations; and

WHEREAS, the Governing Bodies have had the opportunity at numerous recent meetings to consult with the Companies' management teams and the financial and legal advisors to the Companies and to fully consider each of the strategic alternatives available to the Companies.

## I.  Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code

WHEREAS, each Governing Body has determined that it is advisable and in the best interests of its respective Company, and the creditors and other parties-in-interest thereof, that such Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

NOW, THEREFORE, BE IT RESOLVED, that the filing of a voluntary petition for relief under the Bankruptcy Code with the Bankruptcy Court in the manner set forth herein is hereby approved and adopted; and it is

RESOLVED FURTHER, that, subject to arrangements having been made to the satisfaction of the Governing Body and Chief Executive Officer (or comparable executive officer) of each Company for the financing of the operations of such Company during the bankruptcy proceedings pursuant to the DIP Credit Agreements (as defined below), the Governing Body of each Company hereby authorizes the Chief Executive Officer (or comparable executive officer) and other senior officers of such Company (the "Authorized Officers"), acting alone or with one or more other Authorized Officers, with power of delegation, in their discretion, to execute and file on behalf of such Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the business of such Company.

## II.  Retention of Professionals

WHEREAS, in connection with the matters contemplated by this consent, the Governing Body of each Company has determined that it is advisable and in the best interests of such Company, and its creditors and other parties-in-interest, to retain legal and financial advisors.

NOW THEREFORE BE IT RESOLVED, that each Company hereby engages Richards, Layton & Finger, P.A. ("RLF") as its primary bankruptcy counsel to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's

rights and obligations, including negotiating agreements, filing any pleadings and petitions for relief and all other appropriate matters; and it is

RESOLVED FURTHER, that each Company hereby engages Piper Jaffray & Co. ("Piper Jaffray") as its investment banker to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including assisting such Company in obtaining post-petition financing, selling assets and all other appropriate matters; and it is

RESOLVED FURTHER, that each Company hereby engages PricewaterhouseCoopers ("PwC" and together with RLF and Piper Jaffray, the "Case Professionals") as its financial advisor to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including assisting such Company in obtaining post-petition financing, selling assets and all other appropriate matters; and it is

RESOLVED FURTHER, that the Authorized Officers of each Company be, with power of delegation, and they hereby are, authorized and directed to execute appropriate retention agreements with the Case Professionals, pay appropriate retainers to the Case Professionals, to cause to be filed appropriate applications for authority to retain the services of the Case Professionals and to take all such other actions as may be necessary or desirable to secure and retain the services of the Case Professionals; and it is

RESOLVED FURTHER, that the Authorized Officers of each Company be, and they hereby are, authorized and directed to employ any other professionals to assist such Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers of each Company be, and hereby are, authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary or advisable.

## III. Debtor in Possession Financing

WHEREAS, after consultation with the Companies' management and legal and financial advisors, and following a review of a the proposed DIP Credit Agreements (as defined below), the Governing Body of each Company has determined it is desirable and in the best interests of such Company, and the creditors and other parties-in-interest thereof, that the post-petition financing contemplated by the DIP Credit Agreements be obtained.

NOW, THEREFORE, BE IT RESOLVED, that the form, terms and provisions of the Loan and Security Agreement (the "Wells DIP Credit Agreement"), by and among Chef Solutions, CS Distributors and Orval Kent

Food, as Borrowers, CS Prepared Foods Holdings, CS Distribution Holdings and certain of the other Companies, as Guarantors, the Lenders from time to time party to the Wells DIP Credit Agreement, and Wells Fargo Capital Finance, Inc, as Arranger and Administrative Agent, pursuant to which the Lenders will provide the Borrowers with financing in the amount of up to $28,000,000 during the Companies' chapter 11 cases, in substantially the form submitted to the Governing Body of each Company, and with such modifications and supplements as may be approved by the Authorized Officers of such Company, or any of them, such determination to be evidenced conclusively by the execution thereof, be, and the same hereby is in all respects, approved and adopted; and it is

RESOLVED FURTHER, that the form, terms and provisions of the DIP Security and Credit Agreement (the "Reser's DIP Credit Agreement" and together with the Wells DIP Credit Agreement, the "DIP Credit Agreements"), by and among Chef Solutions and the other Companies listed on the signature pages of the Reser's DIP Credit Agreement as Borrowers, and Reser's Fine Foods, Inc., as Lender, pursuant to which the Lender will provide Borrowers with a senior secured, super-priority credit facility in the principal amount of up to $10,000,000 to fund, among other things, the working capital requirements of the Borrowers during the pendency of the Companies' chapter 11 cases;

RESOLVED FURTHER, that the Governing Body of each Company hereby approves the transactions contemplated by the DIP Credit Agreements, including any incurrence or guarantee of indebtedness or other obligations and any grant of security interests, liens and pledges by such Company; and it is

RESOLVED FURTHER, that the Governing Body of each Company hereby approves each of the exhibits to the DIP Credit Agreements and each of the other documents required by or related to the DIP Credit Agreements, including mortgage agreements, account control agreements, security agreements, pledge agreements, deeds of trust, financing statements, and other documents and instruments (collectively, with the DIP Credit Agreements, the "DIP Facility Credit Documents"), in such form and with such terms and conditions as may be determined to be expedient, necessary or appropriate by the Authorized Officers of such Company, or any of them, such determination to be evidenced conclusively by the execution thereof; and it is

RESOLVED FURTHER, that any Authorized Officer of a Company is hereby authorized and empowered, in the name of and on behalf of such Company, to execute and deliver the DIP Credit Agreements and each of the other DIP Facility Credit Documents to which such Company is a party, each in the form or substantially in the form submitted to the Governing Body of such Company, with such changes, additions and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is

RESOLVED FURTHER, that each Company, as a debtor and debtor-in-

possession under the Bankruptcy Code be, and hereby is, authorized to incur and perform all obligations incurred under the DIP Facility Credit Documents (the "DIP Obligations") and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and it is

RESOLVED FURTHER, that each of the Authorized Officers of a Company be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Facility Credit Documents for and on behalf of such Company, which amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions shall in their sole judgment be necessary, proper or advisable; and it is

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Facility Credit Documents be, and hereby are, in all respects confirmed, approved and ratified.

## IV. Sale of Substantially All Assets

WHEREAS, after consultation with the Companies' officers and legal and financial advisors, and following a review of the Asset Purchase Agreement (as defined below), the Governing Body of each Company has determined it is advisable and in the best interests of such Company, and the creditors and other parties-in-interest thereof, to enter into the transactions contemplated by the Asset Purchase Agreement; and it is

NOW, THEREFORE, BE IT RESOLVED, that the Governing Body of each Company hereby approves the form, terms and provisions of the Asset Purchase Agreement (the "Asset Purchase Agreement"), by and among the Companies and the Purchaser (as defined in the Asset Purchase Agreement) pursuant to which the Purchaser will purchase the Purchased Assets and assume the Assumed Liabilities (each as defined in the Asset Purchase Agreement), in substantially the form submitted to such Governing Body, with such modifications and supplements as may be approved by the Authorized Officers of such Company, or any of them, such determination to be evidenced conclusively by the execution thereof; and it is

FURTHER RESOLVED, that the Governing Body of each Company hereby approves the transactions contemplated by the Asset Purchase Agreement, including the sale of the Purchased Assets and the assignment of the Assumed Liabilities by the Sellers (as defined therein) pursuant to Sections 105, 363 and 365 of the Bankruptcy Code; and it is

RESOLVED FURTHER, that the Governing Body of each Company hereby approves each of the exhibits to the Asset Purchase Agreement, including the Bidding Procedures Order and the Sale Order (each as defined in the Asset

Purchase Agreement) and each of the other documents required by or related to the Asset Purchase Agreement, including bills of sale, assignment and assumption agreements, and other documents and instruments (collectively, with the Asset Purchase Agreement, the "Asset Purchase Documents"), in such form and with such terms and conditions as may be determined to be expedient, necessary or appropriate by the Authorized Officers, or any of them, such determination to be evidenced conclusively by the execution thereof; and it is

RESOLVED FURTHER, that any Authorized Officer of a Company is hereby authorized and empowered, in the name of and on behalf of such Company, to execute and deliver the Asset Purchase Agreement and each of the other Asset Purchase Documents to which such Company is a party, each in the form or substantially in the form submitted to the Governing Body of such Company, with such changes, additions and modifications thereto as any Authorized Officer of such Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is

RESOLVED FURTHER, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to sell the Purchased Assets, assign the Assumed Liabilities and perform all obligations incurred under the Asset Purchase Documents (the "Sale Obligations") and undertake any and all related transactions contemplated thereby (collectively, the "Sale Transactions"); and it is

RESOLVED FURTHER, that each of the Authorized Officers of a Company be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Asset Purchase Documents for and on behalf of such Company, which amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions shall in their sole judgment be necessary, proper or advisable; and it is

RESOLVED FURTHER, that the Authorized Officers of each Company be, and each of them acting alone hereby is, authorized, empowered and directed to take any and all actions to (i) obtain the Bankruptcy Court's approval of bidding procedures in connection with the Sale Transactions, (ii) schedule an auction in connection with such sale, and (iii) obtain Bankruptcy Court approval of the Sale Transactions; and it is

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers of each Company prior to the date hereof with respect to the transactions contemplated by the Asset Purchase Documents be, and hereby are, in all respects confirmed, approved and ratified.

## VI.    Election of Chief Executive Officer

WHEREAS, each Governing Body has determined that it is advisable and in the best interests of its respective Company, to remove Steven Silk from any office that he holds at such Company, including, without limitation, as Chief Executive Officer, and to elect Cormac Watters as Chief Executive Officer of such Company; and it is

NOW, THEREFORE, BE IT RESOLVED, that the Governing Body of each Company hereby approves that Steven Silk be, and hereby is, removed from any office of such Company; and it is

FURTHER RESOLVED, that the Governing Body of each Company hereby elects Cormac Watters as Chief Executive Officer of such Company to hold such office until his successor is duly elected and qualified or until his earlier resignation or removal; and it is

FURTHER, RESOLVED, that Cormac Watters, as Chief Executive Officer, is hereby determined to be an "Authorized Officer" as defined in these resolutions.

## VII.    Further Actions and Prior Actions

NOW, THEREFORE, BE IT RESOLVED that in addition to the specific authorizations heretofore conferred upon the Authorized Officers of each Company, each of the other officers of each Company or their designees be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of, and on behalf of, such Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions; and it is

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

This consent may be executed in counterparts.  The Governing Body of each Company hereby directs that a copy of this consent, fully executed by such Governing Body, shall be filed with the relevant minutes of the proceedings of such Company.

[Signature Page Follows]

RLF1 5344365v. 7

IN WITNESS WHEREOF, the undersigned, constituting the Voting Directors and Independent Director of the Board of Managers of Chef Solutions Holdings LLC, have adopted this consent on the date set forth below.


/s/ Cormac Watters
Cormac Watters
October 3, 2011

*/s/* Andrew Heyer
Andrew Heyer
October 4, 2011


/s/ Robert Fioretti
Robert Fioretti
October 3, 2011


*/s/* Beth Bronner
Beth Bronner
October 3, 2011


*/s/* Robert F. Troisio
Robert F. Troisio
October 4, 2011

RLF1 5344365v. 7

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Managers of CS Distribution Holdings, LLC, have executed this consent on the date set forth below.


/s/ Cormac Watters
Cormac Watters
October 3, 2011


/s/ Susan Sarb
Susan Sarb
October 3, 2011

RLF1 5344365v. 7

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Managers of CS Prepared Foods Holdings, LLC, have executed this consent on the date set forth below.


_/s/ Cormac Watters_____
Cormac Watters
October 3, 2011


_/s/ Susan Sarb_____
Susan Sarb
October 3, 2011

RLF1 5344365v. 7

IN WITNESS WHEREOF, the undersigned, constituting the Sole Member of Orval Kent Food Company, LLC, has executed this consent on the date set forth below.

Orval Kent Parent, LLC

By: _Susan K Sarb_

    Name: Susan Sarb
    Title: Chief Financial Officer
    October 3, 2011

RLFI 5344365v. 7

IN WITNESS WHEREOF, the undersigned, constituting the Sole Member of Orval Kent Food of Company of Linares, LLC, has executed this consent on the date set forth below.

Orval Kent Food Company, LLC

By: _Susan K. Sarb_
Name: Susan Sarb
Title: Chief Financial Officer
October 3, 2011

IN WITNESS WHEREOF, the undersigned, constituting the Manager of Orval Kent Parent, LLC, has executed this consent on the date set forth below.

Orval Kent Holdings, Inc.

By: _____

Name: Susan Sarb
Title: Chief Financial Officer
October 3, 2011

RLFI 5344365v. 7

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of Chef Solutions, Inc., have executed this consent on the date set forth below.

/s/ Cormac Watters
Cormac Watters

October 3, 2011

/s/ Susan Sarb
Susan Sarb

October 3, 2011

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of Orval Kent Holdings, Inc., have executed this consent on the date set forth below.


/s/ Cormac Watters

Cormac Watters

October 3, 2011


/s/ Susan Sarb

Susan Sarb

October 3, 2011

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of Orval Kent Intermediate Holdings, Inc., have executed this consent on the date set forth below.

_/s/ Cormac Watters_
Cormac Watters
October 3, 2011

_/s/ Susan Sarb_
Susan Sarb
October 3, 2011

RLF1 5344365v. 7

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of CS Distributors, Inc. of Ohio, have executed this consent on the date set forth below.


/s/ Cormac Watters
Cormac Watters
October 3, 2011


/s/ Susan Sarb
Susan Sarb
October 3, 2011

RLF1 5344365v. 7