**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) ) | **Chapter 11** |
| **CHEF SOLUTIONS HOLDINGS, LLC,** | ) ) ) | **Case No. 11-_____ (\_\_\_\_\_)** |
| Debtor. | ) ) ) | |
| **TAX I.D. No. 20-1195382** | ) ) | |
| **In re:** | ) ) | **Chapter 11** |
| **CS DISTRIBUTION HOLDINGS, LLC,** | ) ) ) | **Case No. 11-_____ (\_\_\_\_\_)** |
| Debtor. | ) ) ) | |
| **TAX I.D. No. 20-1195461** | ) ) | |
| **In re:** | ) ) | **Chapter 11** |
| **CS DISTRIBUTORS, INC. OF OHIO,** | ) ) ) | **Case No. 11-_____ (\_\_\_\_\_)** |
| Debtor. | ) ) ) | |
| **TAX I.D. No. 34-0977075** | ) ) | |
| **In re:** | ) ) | **Chapter 11** |
| **CS PREPARED FOODS HOLDINGS, LLC,** | ) ) ) | **Case No. 11-_____ (\_\_\_\_\_)** |
| Debtor. | ) ) ) | |
| **TAX I.D. No. 20-1195434** | ) ) | |
| **In re:** | ) ) | **Chapter 11** |
| **CHEF SOLUTIONS INC.,** | ) ) ) | **Case No. 11-_____ (\_\_\_\_\_)** |
| Debtor. | ) ) ) | |
| **TAX I.D. No. 13-4078101** | ) | |

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ORVAL KENT HOLDINGS, INC.,** | ) | **Case No. 11-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 27-5124307 | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ORVAL KENT INTERMEDIATE HOLDINGS, INC.** | ) | **Case No. 11-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 27-5124420 | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ORVAL KENT PARENT, LLC,** | ) | **Case No. 11-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 27-5124533 | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ORVAL KENT FOOD COMPANY, LLC,** | ) | **Case No. 11-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 36-3328408 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **ORVAL KENT FOOD COMPANY OF LINARES, LLC,** | ) Case No. 11-_____ (_____) |
| | ) |
| Debtor. | ) |
| | ) |
| TAX I.D. No. 36-3830418 | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (each, a "Debtor" and collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, directing joint administration of their related chapter 11 cases. In support of this Motion, the Debtors rely on the *Declaration of Susan Sarb, Chief Financial Officer, Senior Vice President and Secretary of Debtors in Support of First Day Motions* (the "Sarb Declaration") filed contemporaneously herewith, and further respectfully state as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3

**BACKGROUND**

3. On October 4, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors' business and the background relating to events leading up to the Chapter 11 Cases can be found in the Sarb Declaration. As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

**RELIEF REQUESTED**

4. By this Motion, the Debtors seek entry of an order directing joint administration of the Chapter 11 Cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to 11- XXXXX (XXX), and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHEF SOLUTIONS HOLDINGS, LLC, *et al.*,[1] | Case No. 11-_____ (____) |
| Debtors. | Jointly Administered |

5. The Debtors also request that an entry be made on the docket of each of the Chapter 11 Cases, other than that of Chef Solutions Holdings, LLC, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Chef Solutions Holdings, LLC [5382], CS Distribution Holdings, LLC [5461], CS Distributors, Inc. of Ohio [7075], CS Prepared Foods Holdings, LLC [5434], Chef Solutions Inc. [8101], Orval Kent Holdings, Inc. [4307], Orval Kent Intermediate Holdings, Inc. [4420], Orval Kent Parent, LLC [4553], Orval Kent Food Company, LLC [8408] and Orval Kent Food Company of Linares, LLC [0418]. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-_____ (___).

## BASIS FOR RELIEF

6. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are Chef Solutions Holdings, LLC [5382], CS Distribution Holdings, LLC [5461], CS Distributors, Inc. of Ohio [7075], CS Prepared Foods Holdings, LLC [5434], Chef Solutions Inc. [8101], Orval Kent Holdings, Inc. [4307], Orval Kent Intermediate Holdings, Inc. [4420], Orval Kent Parent, LLC [4553], Orval Kent Food Company, LLC [8408] and Orval Kent Food Company of Linares, LLC [0418]. The debtors' corporate offices are located at 120 W. Palatine Rd. Wheeling, IL 60090.

5

under section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

7. In addition, Local Rule 1015-1 provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

8. The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest.  Entering an order directing joint administration of the Chapter 11 Cases will avoid the need for duplicative notices, motions, and applications, thereby saving time and expense.  Joint administration also will enable parties in interest in each of the Chapter 11 Cases to be apprised of the various matters before the Court in all of these cases.

9. Furthermore, because these cases involve hundreds of potential creditors, the entry of an order of joint administration will:  (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate Chapter 11 Cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest

will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Chapter 11 Cases for procedural purposes only.

10. The entry of a joint administration order in multiple related cases is common and generally non-controversial in this District. See, e.g., In re DSI Holdings, Inc., Case No. 11-11941 (KJC) (Bankr. D. Del. June 28, 2011); In re Böwe Systec, Inc., Case No. 11-11187 (PJW) (Bankr. D. Del. Apr. 19, 2011); In re Ambassadors International, Inc., Case No. 11-11002 (KG) (Bankr. D. Del. Apr. 5, 2011); In re Harry & David Holdings, Inc., Case No. 11-10884 (MFW) (Bankr. D. Del. Mar. 29, 2011); In re Haights Cross Communications, Inc., Case No. 10-10062 (BLS) (Bankr. D. Del. Jan. 12, 2010); In re Capmark Financial Group Inc., Case No. 09-13684 (CSS) (Bankr. D. Del. Oct. 27, 2009).

11. As set forth above and in the Sarb Declaration, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

## NOTICE

12. The Debtors shall provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' creditors holding the twenty (20) largest unsecured claims on a consolidated basis; (c) the Debtors' pre-petition and post-petition lenders or their agents; (d) the Internal Revenue Service; (e) the United States Department of Justice; and (f) the Securities and Exchange Commission. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

7

## NO PRIOR REQUEST

13. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Sarb Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) authorizing the joint administration of the Chapter 11 Cases, and (b) granting such other and further relief as is just and proper.

Dated: October 4, 2011  
       Wilmington, Delaware

Respectfully submitted,

 /s/ John H. Knight  
Mark D. Collins (No. 2981)  
John H. Knight (No. 3848)  
Zachary I. Shapiro (No. 5103)  
Marisa A. Terranova (No. 5396)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701

*Proposed Attorneys for the Debtors and Debtors-in-Possession*