# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **CHEF SOLUTIONS HOLDINGS, LLC,** *et al.*,[1] | ) | **Case No. 11-_____ (\_\_\_\_\_)** |
| | ) | |
| **Debtors.** | ) | **Joint Administration Pending** |
| | ) | |

## DEBTORS' APPLICATION TO RETAIN
## DONLIN, RECANO & COMPANY, INC. AS CLAIMS AGENT

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move (the "Application") for entry of an order, pursuant to section 156(c) of title 28 of the United States Code ("Section 156(c)"), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the retention of Donlin, Recano & Company, Inc. ("Donlin Recano") as claims and noticing agent (the "Claims Agent") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). In support of this Application, the Debtors rely on the *Declaration of Susan Sarb, Chief Financial Officer, Senior Vice President and Secretary of Debtors in Support of First Day Motions* (the "Sarb Declaration") and respectfully state as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are Chef Solutions Holdings, LLC [5382], CS Distribution Holdings, LLC [5461], CS Distributors, Inc. of Ohio [7075], CS Prepared Foods Holdings, LLC [5434], Chef Solutions Inc. [8101], Orval Kent Holdings, Inc. [4307], Orval Kent Intermediate Holdings, Inc. [4420], Orval Kent Parent, LLC [4553], Orval Kent Food Company, LLC [8408] and Orval Kent Food Company of Linares, LLC [0418]. The debtors' corporate offices are located at 120 W. Palatine Rd. Wheeling, IL 60090.

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Section 156(c), Bankruptcy Rule 2002(f) and Local Rule 2002-1(f).

## BACKGROUND

3. On October 4, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") thereby commencing the Chapter 11 Cases. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors' business and the background relating to events leading up to the Chapter 11 Cases can be found in the Sarb Declaration. As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

4. By this Application, the Debtors respectfully request the entry of an order authorizing them to retain and employ Donlin Recano as the Claims Agent in these Chapter 11 Cases as of the Petition Date to, among other things: (a) serve as the Court's noticing agent to mail notices to the estate's creditors and parties in interest, (b) provide computerized claims and objection database services, and (c) provide expertise, consultation and assistance in claim processing and other administrative information.

**BASIS FOR RELIEF**

5. Pursuant to Section 156(c),[2] this Court is authorized to utilize facilities other than the Office of the Clerk for the United States Bankruptcy Court for the District of Delaware (the "Clerk's Office") for the administration of bankruptcy cases, including such matters as giving notice of hearings and orders filed in these Chapter 11 Cases, the meeting of creditors pursuant to section 341 of the Bankruptcy Code and claims bar dates, and providing record keeping and claims docketing assistance.

6. In addition, under Bankruptcy Rule 2002(f), the Court may direct that a person other than the Clerk of the Court give notice of the various matters described therein. Moreover, Local Rule 2002-1(f) requires a debtor to file an application to retain a notice and/or claims clerk within seven (7) days of the Petition Date in all cases with more than two hundred (200) creditors. The number of creditors in these cases will greatly exceed that number. Thus, pursuant to Local Rule 2002-1(f), and for the reasons set forth below, it is necessary and in the best interests of the Debtors' creditors and estates to engage Donlin Recano to act as outside agent to the Clerk's Office in order to assume full responsibility for, among other things, distribution of notices and proof of claim forms and the maintenance, secondary processing and docketing of all proofs of claim filed in the Chapter 11 Cases. In addition, in connection with any plan proposed by the Debtors, the Debtors may determine that they will require the services of Donlin Recano to act as solicitation agent with respect to, *inter alia*, the mailing of the Debtors' disclosure statement, the plan and ballots and maintaining and tallying ballots in connection with the voting on such plan. If the Debtors' file a plan and determine that they

---

[2] 28 U.S.C. § 156(c) provides, in relevant part, that "[a]ny court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States."

RLF1 3876967v. 6

require the assistance of Donlin Recano as solicitation agent, they will file a motion to approve Donlin Recano as solicitation agent pursuant to Local Rule 3017-1(b).

7. Donlin Recano is a data processing firm that specializes in claims processing, noticing, balloting, disbursement and other administrative tasks in chapter 11 cases. The Debtors propose to retain Donlin Recano on the terms and conditions set forth in an agreement substantially in the form attached hereto as <u>Exhibit A</u> and incorporated herein by reference (the "<u>Donlin Recano Agreement</u>"), as such agreement is modified by the order approving this Application.

8. Under the Donlin Recano Agreement, Donlin Recano, at the request of the Debtors or the Clerk's Office, will provide the following services as the Claims Agent:

(a) notify all potential creditors of the filing of the Debtors' bankruptcy petitions and of the setting of the first meeting of creditors, pursuant to section 341 of the Bankruptcy Code, under the proper provisions of the Bankruptcy Code and the Bankruptcy Rules;

(b) maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "<u>Schedules</u>") listing the Debtors' known creditors and the amounts owed thereto;

(c) notify all potential creditors of the existence and amount of their respective claims, as evidenced by the Debtors' books and records and as set forth in their Schedules;

(d) furnish a notice of the last day for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(e) file with the Clerk an affidavit or certificate of service which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date the notice was mailed, within seven (7) days of service;

(f) docket all claims received, maintain the official claims registers (the "<u>Claims Registers</u>") for each of the Debtors on behalf of the Clerk, and provide the Clerk with certified duplicate unofficial Claims Registers on a monthly basis, unless otherwise directed;

4

(g) specify, in the applicable Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the filed amount of the claim, if liquidated, and (v) the classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.) according to the proof of claim;

(h) record all transfers of claims and provide any notices of such transfers required by Bankruptcy Rule 3001;

(i) make changes in the Claims Register pursuant to Court Order;

(j) upon completion of the docketing process for all claims received to date by the Clerk's office, turn over to the Clerk copies of the Claims Registers for the Clerk's review;

(k) maintain the Claims Register for public examination, without charge, during regular business hours;

(l) maintain the official mailing list for each Debtor of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Clerk;

(m) provide and maintain a website where parties can view claims filed, the status of claims, and pleadings or other documents filed with the Court by the Debtors;

(n) if approved by separate motion pursuant to Local Rule 3017-1(b), provide balloting and solicitation services, including preparing ballots, producing personalized ballots and tabulating creditor ballots on a daily basis;

(o) provide such other noticing and related administrative services as may be required from time to time by the Debtors; and

(p) provide assistance with, among other things, certain data processing and ministerial administrative functions, including, but not limited to, such functions related to: (i) the Schedules and master creditor lists, and any amendments thereto; and (ii) the processing and reconciliation of claims.

9. Attached as <u>Exhibit B</u>, and incorporated herein by reference, is the Declaration of Colleen McCormick (the "<u>McCormick Declaration</u>"), Chief Operating Officer of Donlin Recano. Except to the extent specifically disclosed in the McCormick Declaration, Donlin Recano is not connected with the Debtors, their creditors, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") or any person employed by the U.S. Trustee. In the

McCormick Declaration, Donlin Recano has represented to the Debtors that it neither holds nor represents any interest adverse to the Debtors' respective estates on matters for which it is to be retained or employed and that it is a "disinterested person" as referenced in section 327(a) of the Bankruptcy Code and as defined in section 101(14) and modified by section 1107(b) of the Bankruptcy Code.

10. As set forth in the McCormick Declaration, Donlin Recano represents, among other things, that:

  (a) Donlin Recano will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims Agent in these Chapter 11 Cases;

  (b) by accepting employment in these Chapter 11 Cases, Donlin Recano waives any rights to receive compensation from the United States government;

  (c) in its capacity as the Claims Agent in these Chapter 11 Cases, Donlin Recano will not be an agent of the United States and will not act on behalf of the United States;

  (d) in its capacity as the Claims Agent in these Chapter 11 Cases, Donlin Recano will not misrepresent any fact to any person; and

  (e) Donlin Recano will not employ any past or present employees of the Debtors in connection with its work as the Claims Agent in these Chapter 11 Cases.

11. The Debtors request that the fees and expenses of Donlin Recano incurred in the performance of the above services be treated as an administrative expense of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business pursuant to the Donlin Recano Agreement without the need for Donlin Recano to file any fee applications or otherwise seek court approval for compensation for its services and reimbursement of its

RLF1 3876967v. 6

expenses.[3]  Donlin Recano will serve monthly invoices on the Debtors, counsel for the Debtors, the U.S. Trustee and counsel to any official committees that may be appointed in these cases.  If any dispute arises with respect to Donlin Recano's fees and expenses that cannot be resolved, such dispute shall be presented to the Court for resolution thereof.

12. Prior to the Petition Date, the Debtors have paid Donlin Recano a retainer in the amount of $15,000 (the "<u>Retainer</u>").  Donlin Recano has applied the Retainer to fees and expenses incurred prior to the Petition Date.  After the Petition Date, Donlin Recano will apply the Retainer to each monthly invoice until the Retainer is exhausted.  As provided in the Donlin Recano Agreement, as modified by the proposed order approving this Application, the Debtors are not obligated to replenish the Retainer.

## **CONCLUSION**

13. As noted above, under Bankruptcy Rule 2002, the Court may direct that some person other than the Clerk of the Court give notice of the matters addressed in that rule.  In addition, Section 156(c) expressly authorizes the use of non-court services for noticing and Local Rule 2002-1(f) requires the Debtors to retain a Claims Agent because the Debtors have more than 200 creditors.  Accordingly, the Debtors submit that the engagement of Donlin Recano as the Claims Agent is therefore expressly authorized under Bankruptcy Rule 2002(f) and Section 156(c) and mandated by Local Rule 2002-1(f).

14. For all of the foregoing reasons, the Debtors believe that the appointment of Donlin Recano as the Claims Agent is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

---

[3] As an administrative agent and an adjunct to the Court, the Debtors do not believe that Donlin Recano is a "professional" whose retention is subject to approval under section 327 of the Bankruptcy Code or whose compensation is subject to approval of the Court under sections 330 and 331 of the Bankruptcy Code.

7

**NOTICE**

15. The Debtors shall provide notice of this Application to: (a) the U.S. Trustee; (b) each of the Debtors' creditors holding the twenty (20) largest unsecured claims on a consolidated basis; (c) the Debtors' pre-petition and post-petition lenders or their agents; (d) the Internal Revenue Service; (e) the United States Department of Justice; and (f) the Securities and Exchange Commission. As this Application is seeking first-day relief, notice of this Application and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Application is required.

**NO PRIOR REQUEST**

16. No previous motion or application for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, (i) authorizing the Debtors to retain and employ Donlin Recano as the Claims Agent in these Chapter 11 Cases as requested herein and (ii) granting such other and further relief as may be just and proper.

Dated: October 4, 2011
       Wilmington, Delaware

Respectfully submitted,

/s/ John H. Knight
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Zachary I. Shapiro (No. 5103)
Tyler D. Semmelman (No. 5386)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*